STATE OF NEBRASKA, APPELLEE, v. RAYMOND O. KING, APPELLANT.

281 N. W. 2d 226

Filed July 10, 1979. No. 42419.

Dennis R. Keefe, Lancaster County Public Defender, and Dennis G. Carlson, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

The defendant was tried in the District Court on a charge of automobile theft in violation of section 28-522, R. R. S. 1943. The defendant waived a jury and at trial he contended he was guilty only of the lesser-included offense of wrongful taking of an automobile, also known as joy riding. § 28-521, R. R. S. 1943. The trial court found the defendant guilty of automobile theft and sentenced him to a term of 1 year in the Nebraska Penal and Correctional Complex with credit for time spent in the county jail awaiting trial. The defendant appeals. We affirm.

Defendant assigns three errors here but they are interrelated and may be stated as follows: That the

evidence is not sufficient to sustain a conviction for automobile theft and the trial court should have found the defendant guilty of the lesser-included charge of automobile joy riding. The principal distinction between the offenses is the intent to keep or permanently deprive the owner of use of the automobile, which is an element of automobile theft.

In reviewing criminal cases, this court will not set aside the judgment of the trial court if there is sufficient evidence, taking the view most favorable to the State, to support the judgment. State v. Olson, 200 Neb. 341, 263 N. W. 2d 485. It is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. State v. Partee, 199 Neb. 305, 258 N. W. 2d 634.

The following facts are undisputed. On the afternoon of March 17, 1978, at approximately 3 p.m., the defendant went to the Vanice Pontiac-Cadillac, Inc., used car lot located at 70th and O Streets, Lincoln, Nebraska. He drove a 1968 Pontiac GTO. While there, he removed the key from the turn signal of a 1967 Pontiac and took it with him upon leaving. At approximately 3 a.m., the morning of March 18, 1978, the defendant returned to the Vanice parking lot and, by his own admission, took the 1967 Pontiac without permission and without consent of the owner. At 8:30 a.m., on March 18, 1978, a Lincoln policeman at 22nd and A Streets observed the defendant driving a 1967 Pontiac without license plates or in transit tags. The policeman pursued him and, after an extended chase, apprehended the defendant at 27th and C Streets, approximately 5 miles from where the automobile had been taken.

Upon being arrested, the defendant was advised of his Miranda rights and taken to the Lincoln police station where he was questioned.

In support of his contention that he is guilty only of

the lesser offense of joy riding, the defendant testified at trial that he had never intended to keep the automobile. He testified he never left the city of Lincoln after taking the automobile on March 18, 1978, and that, at the time he was apprehended, he had just delivered a friend to her home and was on his way back to the Vanice automobile dealership where he intended to leave the automobile in the near vicinity of that lot. The defendant asserts that he had been released 2 days previously from the county jail and had not yet found a place to stay. He thought he would sleep in the automobile if he needed to and, other than that, he only took it to ride around.

In opposition to defendant's testimony on intent, the State presented testimony from two Lincoln police officers. The police officers testified that at the police station the defendant told them he was stealing cars for an unidentified party in Denver, that he stole the cars to get money and drugs, and that he would not steal a car just for joy riding. He further told the police officers that had he had time to tune up the car, he would not have been caught.

The defendant asserts he was under the influence of amphetamines and marijuana at the time of the taking and at the time of his apprehension. There is no assertion that he was not *capable* of forming the necessary intent for automobile theft. Nor is there any contention on appeal that the statements of the defendant were not, in fact, voluntary and given after warnings required in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. Essentially, the defendant's response to the incriminating statements testified to by the police was to deny having made them.

"Any person who steals or attempts to steal an automobile or motorcycle, of any value, * * * with intent thereby to defraud the owner; * * * shall be deemed guilty of a felony, * * *. The possession of

such property without the consent of the owner and without a certificate of registration issued to the possessor as required by law, shall be prima facie evidence of guilt * * *." § 28-522, R. R. S. 1943. The State does not dispute that the absence of an intent to permanently deprive the owner is a defense to a charge of automobile theft. The State simply asserts that the evidence is sufficient for the trial court to have found the defendant guilty. We agree. The possession of the stolen automobile without the permission of the owner and without a certificate of registration is in itself prima facie evidence. Whether such evidence is overcome so as to place a further burden on the State, or the fact that the defendant was apprehended within a reasonable time of the taking and within the same community as the taking, need not be decided here since the trial court could and did properly consider the defendant's own statements to the officers concerning his intent. "It must be borne in mind that the intent with which an act is done is purely a mental process and hard to establish by direct proof. It is generally a conclusion that must be drawn after a consideration of the actions of the defendant, viewed in the light of all the surrounding circumstances." Buckley v. State, 131 Neb. 752, 269 N. W. 892.

The evidence in this case was clearly sufficient to justify the trial court's determination. The judgment and sentence are affirmed.

AFFIRMED.