JOY ELLEN KENNEDY, APPELLEE, v. KEITH VERL KENNEDY, APPELLANT.

287 N. W. 2d 694

Filed January 22, 1980. No. 42560.

Stanley D. Cohen, for appellant.

No appearance for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolu-

tion of a marriage. By a judgment rendered April 13, 1977, the trial court dissolved the marriage, divided the marital property, awarded custody of the minor children of the parties, and awarded child support to the petitioner.

On October 12, 1977, the petitioner filed an application alleging that the respondent had failed to comply with the April 13, 1977, judgment. On October 28, 1977, the respondent filed a petition to modify the decree in regard to custody and child support. The application of the petitioner and the petition of the respondent were consolidated for hearing on November 8, 1977. The trial court determined the amount of child support due the petitioner from the respondent; settled the dispute between the parties concerning certain specific items of personal property; directed that the parties submit to a family counseling program; and took the matter of custody and visitation rights under advisement for 90 days.

On May 3, 1978, the respondent filed a second petition to modify the decree, alleging that the petitioner should be required to assume a share of the income tax liability for 1977 resulting from the property division. In September 1978 the respondent moved to quash writs of execution which the petitioner had caused to be issued. The respondent also moved for an order nunc pro tunc to amend the decree of April 13, 1977, so as to conform it to the terms of the child custody provisions of the stipulation as made in open court on April 8, 1977, and approved by the trial court at that time.

The petition to modify the decree filed May 3, 1978, and the two motions were heard on September 14, 1978. The trial court found that the judgment of April 13, 1978, with regard to the division of property was final and not subject to modification, and that the motions to quash the executions should be overruled. The other matters pending were continued until November 21, 1978.

On November 15, 1978, the respondent moved to disqualify Judge Reimer from hearing any further matters in the case.

On November 21, 1978, Judge Reimer overruled the motion to disqualify him from further participation in the case. The petition to modify the decree in regard to custody and child support was dismissed and the motion for an order nunc pro tunc was overruled. The respondent has appealed.

The assignments of error relate to the ruling on the motion to disqualify the trial judge; the motion to amend the decree nunc pro tunc; and the custody of the children.

A motion to disqualify a trial judge on account of prejudice is addressed to the sound discretion of the trial court. Franks v. Franks, 181 Neb. 710, 150 N. W. 2d 252. Generally, the ruling on a motion to disqualify a trial judge on the ground of bias and prejudice will be affirmed on appeal unless the record establishes bias and prejudice as a matter of law. State v. Davis, 198 Neb. 823, 255 N. W. 2d 434. Ordinarily, where the action is in equity and is tried de novo in this court, a claim that the trial judge was disqualified for bias and prejudice is not material. Lippincott v. Lippincott, 144 Neb. 486, 13 N. W. 2d 721; Franks v. Franks, *supra.*

The principal evidence submitted in support of the motion to disqualify was the testimony of the respondent. The pleadings filed in the District Court were offered and received and it was agreed that a transcript of the proceedings in the case to date would be considered as received in evidence. There was an offer of proof concerning a conversation between the trial judge and children involved in another case, but the offer was so vague and incomplete that it was impossible to determine what relevancy, if any, the conversation might have had in regard to the issues in this case.

The respondent testified generally about matters

concerning the case with which he was dissatisfied. He had married Wilma Laura Murdoch who was divorced from John William Murdoch. In the Murdoch case custody of the children had been awarded to Mr. Murdoch and, apparently, the respondent felt that his own case had been prejudiced by the evidence and events in the Murdoch case. At the hearing on November 8, 1977, the respondent admitted that he and Laura, his present wife, had lived together for approximately 5 months before they had been married.

The respondent's testimony tended to reflect more dissatisfaction with his counsel than with the trial court, although he did testify that he thought the trial court was very biased against him and that he could not receive a fair and impartial hearing from the trial court.

The record in this case shows that the judgment entered on April 13, 1977, was primarily the result of stipulations between the parties. After the judgment had been in effect for some time the respondent became dissatisfied with the judgment and attempted to modify the property division and custody arrangement to which he had agreed. The respondent did not perform his obligations under the judgment and, apparently, his counsel had difficulty in obtaining performance from the petitioner as to some items. This was more of a reflection upon the parties and their counsel than it was upon the trial court. As we view the record, it does not support the respondent's contention that the trial judge should have disqualified himself. We find no error in the ruling on the motion.

The principal controversy concerning the custody of the children involves Patrick, the son of the parties, who was born November 8, 1960. Patrick became 19 years of age on November 8, 1979, approximately 1 month before this case was heard in this court. Since Patrick has now reached his majority

all disputes concerning his custody have become moot and do not require further consideration. § 38-101, R. R. S. 1943. Ordinarily, jurisdiction over the custody of a child in a divorce proceeding terminates when the child reaches his majority. 27B C. J. S., Divorce, § 314, p. 488. See, also, Waldbaum v. Waldbaum, 171 Neb. 625, 107 N. W. 2d 407.

With respect to Robyn, the daughter of the parties, who was born June 21, 1964, the judgment provided that custody was awarded to the petitioner with reasonable rights of visitation in the respondent. Child support was fixed at $200 per month plus one-half of medical bills. These provisions conform to the stipulation made on April 8, 1977, and approved by the trial court at that time.

The record shows that in recent years the respondent has not enjoyed a favorable relationship with his children and has had difficulty in exercising his rights of visitation. This appears to be due somewhat to fault on the part of both parties. The respondent is entitled to reasonable rights of visitation, and the trial court has preserved these rights. For these rights to be effective it will be necessary for the respondent to make a greater effort to establish a satisfactory relationship with his daughter.

The determination of the trial court with respect to changing the custody and support of minor children will not ordinarily be disturbed on appeal unless there is a clear abuse of discretion or the determination is clearly against the weight of the evidence. McCurry v. McCurry, 202 Neb. 235, 274 N. W. 2d 865. There is no evidence in the record of a change in circumstances which would indicate that a change in the custody of Robyn should be made at this time.

The judgment of the District Court is affirmed.

AFFIRMED.