STATE OF NEBRASKA, APPELLEE, V. ROSCO GOODPASTURE, APPELLANT.

338 N.W.2d 446

Filed September 23, 1983. No. 83-050.

W. Gerald O'Kief, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

KRIVOSHA, C.J.

The appellant, Rosco Goodpasture, appeals from a judgment entered by the District Court for Brown County, Nebraska, affirming an earlier sentence imposed by the county court of Brown County, Nebraska. We affirm.

Goodpasture was charged with assault in the third degree in violation of Neb. Rev. Stat. § 28-310 (Reissue 1979). This is a Class I misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, a fine not to exceed $1,000, or both a fine and imprisonment. To this charge Goodpasture entered a plea of not guilty. The charge was later amended to disturbing the peace in violation of Neb. Rev. Stat. § 28-1322 (Reissue 1979), a Class III misdemeanor. A Class III misdemeanor is punishable by imprisonment not to exceed 3 months or a fine not to exceed $500, or both a fine and imprisonment. To this amended complaint Goodpasture entered a plea of nolo contendere. After receiving evidence of the crime the county court found Goodpasture guilty as charged and, after obtaining a presentence report, sentenced Goodpasture to a term of imprisonment of 30 days in the Brown County jail. Goodpasture then appealed to the District Court for Brown County, Nebraska, where his conviction and sentence were affirmed.

Goodpasture now assigns several errors. They are: (1) The trial court abused its discretion by allowing an out-of-court interview to take place between the trial judge and the complaining witness; (2) The trial court abused its discretion in failing to inform Goodpasture and his counsel of the out-of-court interview promptly and before the sentencing hearing; (3) The trial court erred in overruling Goodpasture's motion to disqualify the trial judge; and (4) The sentence is excessive. All of the assignments of error are wholly frivolous and must be disregarded by the court.

The record discloses that at some time after Good-

pasture had entered his plea of nolo contendere and had been found guilty by the court, the complaining witness approached the county judge in the parking lot of the county courthouse and attempted to address the judge in an unsolicited, unencouraged manner concerning the case. She was immediately told by the judge to give the information to the probation officer, which she later did.

At the time of sentencing, the trial judge advised both Goodpasture and his attorney that he would not consider any statements made to him by the complaining witness, and would disregard those comments. In addition, defense counsel was given the presentence investigation report and made fully aware of all the information contained in the report before the sentence was imposed. Counsel urged the court to consider imposing a fine and probation. He further suggested a psychological evaluation of Goodpasture to determine a possible drinking problem, if the court was to impose a jail sentence. The court refused to consider an alternative sentence but did grant Goodpasture a week's continuance to allow him to obtain an evaluation from a psychologist and to submit the material to the court for the court's further consideration.

At the subsequent hearing Goodpasture advised the court that he had not obtained the evaluation, but his counsel again urged the court to sentence Goodpasture to probation. Defense counsel also moved to disqualify the trial judge from sentencing Goodpasture because of the contact the trial judge had had with the complaining witness in the parking lot. The trial judge overruled the motion to disqualify himself and proceeded to sentence Goodpasture.

Goodpasture's first assignment of error, that the trial court abused its discretion in permitting an out-of-court interview between the complaining witness and the trial judge, is simply unsupported in the record. Goodpasture's characterization of the trial

judge's encounter with the complaining witness as an "out-of-court interview" totally misconstrues the evidence. The evidence is clear that the judge was merely approached by the complaining witness, who wished to discuss the case with the court. The trial judge properly advised the witness that she should give this information to the probation officer, and excused himself. There is simply no evidence to support any claim that this was an "out-of-court interview" and in any manner improper.

Goodpasture's further claim that the trial court erred in failing to inform Goodpasture or his counsel of the "out-of-court interview" promptly and before the sentencing hearing is likewise unsupported by the record. Before imposing the sentence, the trial court did advise Goodpasture and his counsel of the encounter with the complaining witness and provided Goodpasture with a copy of the presentence investigation. The assignment is simply unsupported by any evidence in the record and does not require further comment.

Goodpasture further maintains that the trial judge erred in not disqualifying himself before imposing the sentence. It is apparently Goodpasture's claim that by permitting the complaining witness to approach the trial judge and thereafter instructing her to speak with the probation officer, the trial judge was so prejudiced as to be disqualified from further serving on the case. In the first instance, a motion to disqualify a trial judge on account of prejudice is addressed to the sound discretion of the trial court. See *Kennedy v. Kennedy*, 205 Neb. 363, 287 N.W.2d 694 (1980). Moreover, the trial court has wide discretion as to what may be considered once guilt has been determined and only the imposition of the sentence remains.

In *State v. Rose*, 183 Neb. 809, 811, 164 N.W.2d 646, 648-49 (1969), we said: "It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion

in the sourse [sic] and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct. In gaining this information, the trial court may consider reports of probation officers, police reports, affidavits, and other information including his own observations of the defendant. A presentence investigation has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue. The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue." See, also, *Maher v. State*, 144 Neb. 463, 13 N.W.2d 641 (1944); *State v. Hylton*, 175 Neb. 828, 124 N.W.2d 230 (1963); *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949).

And in *State v. Porter*, 209 Neb. 722, 723, 310 N.W.2d 926, 927 (1981), we said: "By the very nature of a presentence investigation report, it is necessary to rely to a great extent upon hearsay information. Furthermore, § 29-2261(3) provides in part that a presentence investigation and report shall include 'any other matters that the probation officer deems relevant or the court directs to be included.' We have held on numerous occasions that before pronouncing sentence a trial judge has broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute."

And in *State v. Stranghoener*, 208 Neb. 598, 603, 304 N.W.2d 679, 682 (1981), we said: "The law is well established in this state that in considering a proper

sentence, the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment and includes the observations of the sentencing judge as to the demeanor, attitude, and all facts and circumstances surrounding the life of the defendant.''

There is no question that the trial court could consider any statements made by the complaining witness once guilt was determined, particularly where, as here, the statements were included in the presentence investigation, a copy of which was given to Goodpasture. Goodpasture has simply confused the situation before trial and conviction with the situation after trial and before sentencing. See, also, *State v. Packett*, 206 Neb. 548, 294 N.W.2d 605 (1980). We are unable to follow the argument tendered by Goodpasture and must overrule his claims of error.

The only other question which needs to be answered is whether the sentence imposed was excessive, although the assignment of error in that regard is not very clear. In view of the fact that the sentence was well within the statutory limits, absent an abuse of discretion disclosed by the record, this court is not inclined to modify or change that sentence. See, *State v. Schmidt*, 213 Neb. 126, 327 N.W.2d 624 (1982); *State v. Ellefson*, 214 Neb. 747, 336 N.W.2d 88 (1983). In this particular case the sentence imposed was one-third of the maximum. Furthermore, the presentence report discloses that Goodpasture had been convicted of either disturbing the peace or disorderly conduct on four earlier occasions.

Goodpasture also argues he should have been placed on probation. Just as the length of the sentence itself will not be disturbed by this court if within statutory limits absent an abuse of discretion, likewise, the refusal of a trial court to grant probation will not be disturbed absent an abuse of discretion. See, *State v. Hellbusch*, 213 Neb. 894, 331 N.W.2d 815 (1983); *State v. Last*, 212 Neb. 596, 324

N.W.2d 402 (1982). No defendant, once convicted, is entitled to probation as a matter of law. See *State v. Johnson*, 209 Neb. 308, 307 N.W.2d 525 (1981). We are unable to find any evidence of an abuse of discretion. For that reason the judgment is in all respects affirmed.

AFFIRMED.