STATE OF NEBRASKA, APPELLEE, V. JERALD MILLER, APPELLANT.

381 N.W.2d 156

Filed February 7, 1986.   No. 85-396.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos, Special Deputy Public Defender, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant, Jerald Miller, appeals from the finding by the district court that he was not entitled to a full due process evidentiary hearing, including confrontation of witnesses, on the issue as to whether he was a mentally disordered sex offender.

On September 10, 1984, the defendant was charged with first degree sexual assault on a child, a Class II felony under Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1979). On February 26, 1985, pursuant to discussions between the State and the defendant, the defendant was rearraigned on an amended information charging him with the misdemeanor offense of third degree sexual assault upon a person physically or mentally incapable of resisting or appraising the nature of his conduct. Neb. Rev. Stat. § 28-320(1)(b) (Reissue 1979). The defendant thereupon, after being fully advised as to his constitutional rights, voluntarily and intelligently entered a plea of no contest. The court accepted the defendant's plea and found him guilty.

Pursuant to Neb. Rev. Stat. § 29-2912 (Reissue 1979), the trial court ordered a presentence investigation which was to include evaluation of the defendant by a psychiatrist and a psychologist to determine whether he was a mentally disordered sex offender and whether he was treatable. Neb. Rev. Stat. § 29-2913 (Reissue 1979). After the first two reports had been received, the defendant requested a second evaluation by another psychiatrist and psychologist. § 29-2913. This request was granted.

On April 25, 1985, the defendant filed a "Motion for Evidence Hearing and Right of Confrontation" concerning the mentally disordered sex offender issue. He also filed a motion to declare the statute unconstitutional. These motions were overruled.

At the sentencing hearing the trial court considered the reports that had been received and determined that the

defendant was a treatable mentally disordered sex offender. The defendant was sentenced to imprisonment for 1 year, the sentence to be served at the Lincoln Regional Center, where he could receive treatment for the mental disorder. He was given 257 days' credit for time spent in custody awaiting trial. This appeal followed.

The defendant assigns five errors which raise but one issue: whether he was denied due process and his right of confrontation because he was not given a full evidentiary hearing on the issue as to whether he was a treatable mentally disordered sex offender.

Neb. Rev. Stat. § 29-2915 (Reissue 1979) sets out the procedure under which a defendant is to be sentenced, committed, and discharged if found to be a treatable mentally disordered sex offender. The statute provides:

> [T]he court shall, after first sentencing the defendant as provided by law for the offense for which he or she has been convicted, commit the defendant for treatment . . . until such time as the court determines . . . that the defendant is no longer mentally disordered or until the defendant has received the maximum benefit of treatment, except that no sentence to treatment shall exceed the maximum length of such offender's sentence.

The statute further provides:

> The entire proceeding to determine whether the defendant is a mentally-disordered sex offender and treatable shall be deemed a critical stage of a criminal prosecution at which the defendant shall be accorded all the rights a defendant has in sentencing proceedings. The court's decision that the defendant is a mentally-disordered sex offender and the decision to commit the defendant for treatment may be appealed.

The defendant argues that his right to due process and his right of confrontation were abridged by the trial court's denial of a full evidentiary hearing because of the decision in *Specht v. Patterson*, 386 U.S. 605, 87 S. Ct. 1209, 18 L. Ed. 2d 326 (1967). The defendant contends that *Specht* is controlling and mandates that he be given a hearing, including confrontation of witnesses, prior to sentencing. The defendant, however,

misinterprets the decision in *Specht*. Although a defendant is entitled to due process upon sentencing, the Constitution does not require that he be given the full panoply of rights accorded when the issue is guilt or innocence. See, *Gardner v. Florida*, 430 U.S. 349, 358 n.9, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977); *State v. Goodpasture*, 215 Neb. 341, 338 N.W.2d 446 (1983).

In *Specht v. Patterson, supra*, the Court dealt with a challenge to Colorado's sex offenders act. In that case the defendant had been convicted under an indecent liberty statute but was sentenced under the sex offenders act which allowed for the imposition of an indeterminate term of from 1 day to life. The U.S. Supreme Court held that due process safeguards must be observed when a new charge leading to magnified criminal punishment is made in an enhanced sentence proceeding.

The Nebraska statute is distinguishable in that "no sentence to treatment shall exceed the maximum length of such offender's sentence." § 29-2915. The statute does not allow any enhancement of the defendant's sentence because he is a mentally disordered sex offender. Furthermore, the Nebraska statute recognizes that the defendant "shall be accorded all the [due process] rights a defendant has in sentencing proceedings."

Trial courts have broad discretion in sentencing, both in the evidence to be considered and in the procedure by which such evidence is gathered and used. See, *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984); *State v. Goodpasture, supra*; *State v. Anderson and Hochstein*, 207 Neb. 51, 296 N.W.2d 440 (1980), *cert. denied* 450 U.S. 1025, 101 S. Ct. 1731, 68 L. Ed. 2d 219 (1981). More specifically, this court has stated:

> We are unable to find any requirement in the law that a sentencing court may consider only information adduced at trial when exercising discretion in imposing sentence. Likewise, we find no constitutional requirement to permit one convicted the right to confront all who might give information to be used by the sentencing court. Such a requirement goes far beyond any constitutional mandate.

*State v. Anderson and Hochstein, supra* at 72, 296 N.W.2d at 453; accord *State v. Reeves, supra*.

The U.S. Supreme Court has held that the sentencing procedure must comply with minimal due process requirements

but has refused to require the full array of trial procedural rights in the sentencing process, even in capital cases. See *Gardner v. Florida, supra.* In *Gardner* the trial court had imposed a death sentence on the basis of confidential information which had not been disclosed to the defendant or his counsel. The Court vacated the sentence because it had been imposed, at least in part, on the basis of information which the defendant had not been given an opportunity to deny or explain.

The defendant in the present case was given an opportunity to deny or explain the findings of the psychiatrists as set out in their evaluations contained in the presentence report. In fact, § 29-2913 requires that copies of the physicians' reports be given to counsel for the defendant so that there is adequate notice of the information on which the court will rely in determining the mentally disordered sex offender issue. Provided the defendant is then given an opportunity to be heard on that issue, his due process rights have been accommodated. As Justice Black in *Williams v. New York*, 337 U.S. 241, 251, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949), stated:

> The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due process clause would hinder if not preclude all courts—state and federal—from making progressive efforts to improve the administration of criminal justice.

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., dissenting.

I dissent. The right of confrontation of an accused mentally ill person is guaranteed by statute, Neb. Rev. Stat. § 83-1058 (Reissue 1981). The right accorded is "equivalent to the rights of confrontation granted by Amendments VI and XIV of the Constitution of the United States, and Article I, section 11 of the Constitution of Nebraska."

The determination of whether a convicted person is a mentally disordered sex offender and whether the person is treatable is a "critical stage" of a criminal proceeding. Neb. Rev. Stat. § 29-2915 (Reissue 1979). That a person may be

confined in the same institution as a sex offender without having the opportunity to examine the basis (if any) of the analyst's conclusion, while the mentally ill patient has had that right, does not seem to me to be consistent with due process or equal protection of the law.

SHANAHAN, J., joins in this dissent.