STATE OF NEBRASKA, APPELLEE, V. DOUGLAS A. SHOCKLEY, APPELLANT.

435 N.W.2d 903

Filed February 17, 1989.    No. 88-366.

Dennis R. Keefe, Lancaster County Public Defender, and Coleen J. Nielsen for appellant.

Robert M. Spire, Attorney General, and Vanessa R. Jones for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal from a criminal conviction returned after a plea of no contest to attempted first degree sexual assault on a child, a Class III felony. After the appellant's conviction, the court ordered a presentence investigation, including a mentally disordered sex offender evaluation.

Two months later, on January 13, 1988, the defendant requested additional evaluations. That request was granted. On March 11, the defendant filed three motions with regard to the mentally disordered sex offender determination. The first was entitled "Motion to Determine Statutes Unconstitutional." In that motion, the appellant asked the court to declare the mentally disordered sex offender act, Neb. Rev. Stat. §§ 29-2911 et seq. (Reissue 1985), void and unenforceable as unconstitutional, asserting that the statutes deprived the defendant of his right to due process of law, confrontation, and compulsory process.

The second defense motion concerned the burden of proof in the determination of whether the defendant was a mentally disordered sex offender. The final motion requested an evidentiary hearing regarding the determination of the mentally disordered sex offender status. All motions were overruled by the court on March 21.

The defendant was sentenced to imprisonment under the jurisdiction of the Department of Correctional Services for a term of not less than 4 nor more than 8 years. The defendant was then committed to the Lincoln Regional Center for

treatment of his mental disorder until such time as he is no longer mentally disordered, or when he has received the maximum benefit of treatment.

The defendant contends that the district court erred in (1) denying the appellant an evidentiary hearing and refusing to find the mentally disordered sex offender act unconstitutional, and (2) imposing an excessive sentence.

The appellant is urging this court to abandon its holding in *State v. Miller*, 221 Neb. 862, 381 N.W.2d 156 (1986), in which we distinguished the Nebraska mentally disordered sex offenders act from the Colorado sex offender statute, which was held unconstitutional by the U.S. Supreme Court in *Specht v. Patterson*, 386 U.S. 605, 87 S. Ct. 1209, 18 L. Ed. 2d 326 (1967). We decline to do so.

Although in *Miller* we were concerned with a misdemeanor conviction, while in the present case the appellant stands convicted of a felony, the logic of our opinion in *Miller* is equally applicable in this case. In fact, the appellant in the present action is statutorily accorded more due process rights than the appellant in *Miller*, as § 29-2912 states that the procedural protections of §§ 29-2911 to 29-2921 are merely discretionary with the court in cases of misdemeanors. Therefore, we find *Miller* controlling, and affirm the judgment of the district court.

As discussed in *Miller*, *Specht* concerned a challenge to Colorado's sex offenders act. The defendant in *Specht* had been convicted under an indecent liberty statute but was sentenced under the sex offenders act, which allowed for the imposition of an indeterminate term of from 1 day to life. The U.S. Supreme Court held that due process safeguards must be observed when a new charge leading to magnified criminal punishment is made in an enhanced sentence proceeding. We distinguished the statute at issue in *Specht* from § 29-2915, stating:

> The Nebraska statute is distinguishable in that "no sentence to treatment shall exceed the maximum length of such offender's sentence." § 29-2915. The statute does not allow any enhancement of the defendant's sentence because he is a mentally disordered sex offender. Furthermore, the Nebraska statute recognizes that the

defendant "shall be accorded all the [due process] rights a defendant has in sentencing proceedings."
*State v. Miller, supra* at 865, 381 N.W.2d at 158. Because we can see no basis for distinguishing the present case from *Miller*, this first assignment of error is without merit.

Next, the appellant challenges the sentence imposed by the district court, contending that it is excessive. The appellant was convicted of attempted first degree sexual assault on a child, a Class III felony. This crime carries a penalty of 1 to 20 years' imprisonment. The sentence imposed of 4 to 8 years is within the limits prescribed by statute. This court has repeatedly held that sentences imposed within the limits prescribed by the statutes in question will not be disturbed on appeal absent an abuse of discretion. *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Dillon*, 222 Neb 131, 382 N.W.2d 353 (1986). It does not appear from the record that the trial judge abused his discretion. Therefore, this assignment of error is also without merit.

Because we find both of appellant's assignments of error to be meritless, the judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., dissenting.

I dissent in the present case for the reasons articulated in my dissent in *State v. Miller*, 221 Neb. 862, 381 N.W.2d 156 (1986). In *Miller*, I stated at 866-67, 381 N.W.2d at 159:

That a person may be confined in the same institution as a sex offender without having the opportunity to examine the basis (if any) of the analyst's conclusion, while the mentally ill patient has had that right, does not seem to me to be consistent with due process or equal protection of the law.

I maintain my belief that such disparate treatment is incompatible with the constitutional guarantees of due process and equal protection, and additionally believe that both the present case and *Miller* are inconsistent with the reasoning of the U.S. Supreme Court in *Vitek v. Jones*, 445 U.S. 480, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980).

In *Vitek*, the Supreme Court affirmed the decision of the federal district court of Nebraska in declaring Neb. Rev. Stat.

§ 83-180 (Reissue 1987) unconstitutional. Section 83-180 provided for the transfer of inmates from a correctional facility into a mental institution, merely on the basis of the recommendation of a physician or psychologist. The statute provided no procedure to ensure compliance with due process guarantees. The district court invalidated the statute on two grounds, and the Supreme Court agreed that both of the grounds were independently sufficient to declare the statute unconstitutional. The first basis relied upon for declaring the statute unconstitutional concerned the statutorily created liberty right contained in the particular statutory scheme. The second ground, however, is equally applicable to proceedings pursuant to Neb. Rev. Stat. §§ 29-2911 et seq. (Reissue 1985), the statutes at issue in this appeal.

As stated by the Supreme Court, "The District Court was also correct in holding that independently of § 83-180(1), the transfer of a prisoner from a prison to a mental hospital must be accompanied by appropriate procedural protections." 445 U.S. at 491. The Court found the procedural protections necessary for a number of reasons. First, the loss of liberty produced by an involuntary commitment is more than the loss of liberty resulting from confinement. Commitment to a mental hospital can engender adverse social consequences to the individual. As stated by the district court, and quoted with favor by the Supreme Court:

> "[T]he fact of greater limitations on freedom of action at the Lincoln Regional Center, the fact that a transfer to the Lincoln Regional Center has some stigmatizing consequences, and the fact that additional mandatory behavior modification systems are used at the Lincoln Regional Center combine to make the transfer a 'major change in the conditions of confinement' amounting to a 'grievous loss' to the inmate."

*Vitek*, 445 U.S. at 492. The Court concluded that a convicted felon is entitled to the benefit of procedures before he is found to have a mental disease and transferred to a mental hospital.

Next, the Supreme Court stated that the consequence of commitment is distinct from the consequence of mere confinement.

>None of our decisions holds that conviction for a crime entitles a State not only to confine the convicted person but also to determine that he has a mental illness and to subject him involuntarily to institutional care in a mental hospital. Such consequences visited on the prisoner are qualitatively different from the punishment characteristically suffered by a person convicted of crime. Our cases recognize as much and reflect an understanding that involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual. [Citations omitted.] A criminal conviction and sentence of imprisonment . . . do not authorize the State to classify him as mentally ill and to subject him to involuntary psychiatric treatment without affording him additional due process protections.

*Vitek v. Jones*, 445 U.S. 480, 493-94, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980). There is no legitimate basis for distinguishing between a prisoner who is transferred from prison to a mental hospital and a person who is convicted of a crime, subject to a specific statutory sentence, and then found to be a mentally disordered sex offender and ordered to serve his or her sentence, by means of involuntary commitment, in a mental hospital. As stated by the Supreme Court, "A criminal conviction and sentence of imprisonment . . . do not authorize the State to classify him as mentally ill and to subject him to involuntary psychiatric treatment without affording him additional due process protections." *Id.*

The Supreme Court also agreed with the minimum procedures articulated by the district court in order to ensure sufficient protection to the liberty interest of the individual. The Court required the State of Nebraska to observe the following procedures before transferring a prisoner from prison to a mental hospital:

>"A. Written notice to the prisoner that a transfer to a mental hospital is being considered;
>
>"B. A hearing, sufficiently after the notice to permit the prisoner to prepare, at which disclosure to the prisoner is made of the evidence being relied upon for the transfer

and at which an opportunity to be heard in person and to present documentary evidence is given;

"C. An opportunity at the hearing to present testimony of witnesses by the defense and to confront and cross-examine witnesses called by the state, except upon a finding, not arbitrarily made, of good cause for not permitting such presentation, confrontation, or cross-examination;

"D. An independent decisionmaker;

"E. A written statement by the factfinder as to the evidence relied on and the reasons for transferring the inmate;

"F. Availability of legal counsel, furnished by the state, if the inmate is financially unable to furnish his own; and

"G. Effective and timely notice of all the foregoing rights."

*Vitek*, 445 U.S. at 494-95.

The only requirement that did not receive approval by a majority of the Supreme Court was that of availability of legal counsel. Although Justice Powell agreed that qualified and independent assistance must be provided to an inmate who is threatened with involuntary transfer, he did not feel that this independent assistance demands the services of a licensed attorney.

As I do not feel that a valid distinction can be made between an inmate who will be transferred to a mental hospital and one who will be involuntarily committed upon conviction, I believe that the "minimum procedures" afford constitutionally adequate protection to the liberty interests of the individual.

SHANAHAN, J., joins in this dissent.