Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/06/2016 09:09 AM CDT

State of Nebraska, appellee, v.
Milton B. Dortch, Jr., appellant.
___ N.W.2d ___

Filed May 6, 2016.    No. S-15-841.

1. **Convictions: Evidence: Appeal and Error.** When reviewing the sufficiency of the evidence to sustain a criminal conviction, it is not the province of an appellate court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or reweigh the evidence; such matters are for the finder of fact. The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Appeal from the District Court for Douglas County: Marlon A. Polk, Judge. Affirmed.

Glenn A. Shapiro, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Miller-Lerman, J.
NATURE OF CASE
Milton B. Dortch, Jr., was convicted in the district court for Douglas County of first degree murder and use of a firearm to commit a felony. The court sentenced Dortch to imprisonment for life for first degree murder and to imprisonment for 5 to 10

years for use of a firearm to commit a felony. Dortch appeals, and his sole assignment of error is that there was insufficient evidence to support his convictions. We affirm Dortch's convictions and sentences.

STATEMENT OF FACTS

On the morning of September 17, 2014, Dortch walked into a jewelry store in Omaha, Nebraska, carrying a gun. Several employees, including the store owner, James Minshall, Sr., were working inside. Dortch pointed the gun at employees as he threw a bag over the counter and told them to "'[p]ick it up and fill it up.'" When another employee went to open a display case, Minshall walked from a workstation at the counter to the back room of the store. Dortch noticed that Minshall had gone to the back room; Dortch took a few steps to get a better view of Minshall. Dortch asked what Minshall was doing, and he then fired three shots in rapid succession at Minshall. Dortch ran out of the store and fled the area on foot. One of the bullets struck Minshall in the chest, and, despite the efforts of other employees to revive him, Minshall died soon after being shot.

Dortch was arrested the next day on a warrant related to a different robbery, and during a police interview, he admitted that he had committed the shooting at Minshall's jewelry store. On October 21, 2014, Dortch was charged by information with first degree murder under a felony murder theory which set forth "the perpetration of or attempt to perpetrate a Robbery" as the underlying felony. The State also charged Dortch with use of a firearm to commit a felony.

In a bench trial of the charges, the State presented testimony of three employees who witnessed the events in the store on September 17, 2014. During the testimony of one of the employees, the court allowed into evidence a video from the store depicting the events surrounding the alleged attempted robbery and the shooting. The video was played for the court, and various stills from the video were also allowed

into evidence. The State presented evidence that Minshall died from a single gunshot wound to the chest. The State also presented evidence indicating that Dortch's DNA was found on gloves, a gun, and a bag that were found near the scene of the shooting.

The State presented the testimony of a police officer who had interviewed Dortch after he was arrested on a warrant relating to another robbery. The officer testified that Dortch admitted that he had entered Minshall's jewelry store with the intention of robbing the store. According to the officer, Dortch indicated that after Minshall retrieved a gun, Dortch shot at Minshall.

When cross-examining the State's witnesses, Dortch elicited testimony to the effect that no merchandise or money was actually taken from the store and that there was a handgun located on the floor near Minshall's body after he was shot.

Dortch testified in his own defense. Dortch admitted that on September 17, 2014, he had walked into the jewelry store and that he threw a bag over the counter and told the employees to fill it up with merchandise. He testified that he saw Minshall walk to the back room and "grab a gun." Dortch testified that when he saw Minshall try to cock the gun, he became scared and decided he did not "want to do this no more," and that he was "just ready to get up out of there." Dortch testified that when he went into the store, he had no intention to harm anyone, and that when he saw Minshall had a gun, he abandoned his plans to commit a robbery.

On cross-examination, Dortch admitted that the day before the shooting, he and an associate had "cased" the jewelry store for a robbery, and that when he entered the store, he knew his gun was loaded and his intent was to "point a gun in somebody's face and take property from them." He also admitted that he fired the gun at Minshall and that he did not pull the trigger accidentally. However, he refused to admit that he "intentionally" pulled the trigger, because he testified that while he shot the gun, he "didn't want to."

At the conclusion of the bench trial, the court found Dortch guilty of first degree felony murder and use of a weapon to commit a felony. The court specifically found that Minshall's "death occurred in connection with the perpetration of the crime of attempted robbery." The court thereafter sentenced Dortch to imprisonment for life for first degree murder and to imprisonment for 5 to 10 years for use of a firearm to commit a felony and ordered the sentences to run consecutively.

Dortch appeals his convictions.

## ASSIGNMENT OF ERROR

Dortch claims that there was insufficient evidence to support his convictions.

## STANDARD OF REVIEW

[1] When reviewing the sufficiency of the evidence to sustain a criminal conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or reweigh the evidence; such matters are for the finder of fact. *State v. Smith*, 292 Neb. 434, 873 N.W.2d 169 (2016). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

## ANALYSIS

Dortch's sole assignment of error is that there was not sufficient evidence to support his convictions. We conclude that viewed in the light most favorable to the State, there was sufficient evidence to support the convictions.

Dortch was convicted of first degree murder under a felony murder theory and of use of a firearm to commit a felony. In order to prove felony murder under Neb. Rev. Stat. § 28-303 (Reissue 2008), the State must prove that the defendant "kill[ed] another person . . . in the perpetration of or attempt to perpetrate any sexual assault in the first degree, arson,

robbery, kidnapping, hijacking of any public or private means of transportation." In order to prove use of a firearm to commit a felony under Neb. Rev. Stat. § 28-1205 (Cum. Supp. 2014), the State must prove that the defendant "use[d] a firearm . . . to commit a felony."

When the State charged Dortch with first degree murder under a felony murder theory, it alleged that the underlying felony was an attempted robbery. At trial, the State presented evidence, including witness testimony and physical evidence, which showed that Dortch entered the jewelry store with a gun, pointed the gun at employees of the store, threw a bag over the counter, and told the employees to fill it with merchandise. The State presented evidence that Dortch fired a gun at Minshall and that Minshall died from the gunshot wound. The State also presented evidence of statements Dortch made to police in which he admitted that he entered the store with the intent of robbing it and that he shot Minshall. Finally, Dortch's testimony in his own defense, both on direct and on cross-examination, established that he intended to rob the jewelry store and that he shot Minshall. Such evidence was sufficient for the district court to find that Dortch killed Minshall in the attempt to perpetrate a robbery and that he used a firearm to kill Minshall. These findings support convictions for felony murder under § 28-303 and for use of a firearm to commit a felony under § 28-1205.

Dortch makes two main arguments to support his contention that the evidence did not support his convictions. We find both arguments to be without merit.

For his first argument, Dortch points to evidence that he did not actually take anything from the store; he contends that because he did not actually commit a robbery, he did not kill Minshall in the perpetration of a robbery. This argument fails, because § 28-303 by its terms applies to a killing that occurs "in the perpetration of *or attempt to perpetrate*" one of the listed felonies. (Emphasis supplied). The State alleged that the underlying felony in this case was an attempted robbery.

Nebraska's criminal attempt statute, Neb. Rev. Stat. § 28-201 (Cum. Supp. 2014), defines "attempt" in part as intentionally engaging in conduct which constitutes a substantial step in a course of conduct intended to culminate in the commission of the crime. The evidence in this case showed that Dortch's intent was to commit a robbery and that he took substantial steps intended to culminate in the commission of a robbery. The fact that Dortch did not actually complete the robbery does not negate a finding, for purposes of § 28-303, that he attempted to perpetrate a robbery.

For his second argument, Dortch directs our attention to his testimony to the effect that when he saw that Minshall had a gun, he abandoned his plan to commit a robbery. He contends that because he had abandoned the plan at the time he shot Minshall, the killing did not occur in the perpetration of a robbery. However, as noted above, the State alleged that the underlying felony in this case was an attempted robbery. In response to Dortch's assertion that he abandoned his plan to commit a robbery, the State cites *State v. Schmidt*, 213 Neb. 126, 327 N.W.2d 624 (1982), for the proposition that abandonment is not a defense to attempt under Nebraska law. See, also, *State v. Banks*, 278 Neb. 342, 771 N.W.2d 75 (2009) (stating that evidence did not support instruction on abandonment defense to felony murder charge where killing occurred while defendant was escaping scene of completed robbery).

With regard to the elements of felony murder, in *State v. Perkins*, 219 Neb. 491, 500, 364 N.W.2d 20, 27 (1985), we approved a felony murder jury instruction which stated in part that "'a homicide is committed in the perpetration of or attempt to perpetrate a robbery . . . if the initial crime of perpetration or of attempt to perpetrate a robbery and the homicide were closely connected in point of time, place and causal relation, and were parts of one continuous transaction.'" (Emphasis omitted.) We determined in *Perkins* that the instruction fairly stated the elements of felony murder. See, also, *State*

*v. Quintana*, 261 Neb. 38, 621 N.W.2d 121 (2001) (approving similar jury instruction).

Even if Dortch abandoned his plan to commit the robbery when he saw that Minshall had a gun, the evidence indicates that Dortch shot Minshall very soon thereafter. Whether the shooting occurred while Dortch was still attempting to perpetrate a robbery or whether it occurred soon after he had abandoned his plan and was escaping from an attempted robbery, based on the evidence, the district court could have found that the killing and the attempted robbery "'were closely connected in point of time, place and causal relation, and were parts of one continuous transaction.'" See *Perkins*, 219 Neb. at 500, 364 N.W.2d at 27. Such determination would support a finding that the killing occurred in the attempt to perpetrate a robbery.

Dortch's arguments that he did not complete the robbery and that he abandoned his plan to commit the robbery before he shot Minshall do not negate the evidence noted above that supports convictions for felony murder under § 28-303 and for use of a firearm to commit a felony under § 28-1205. We reject Dortch's claim that there was not sufficient evidence to support his convictions.

## CONCLUSION

The State presented sufficient evidence for the district court to find that Dortch killed Minshall in an attempt to perpetrate a robbery and that he used a firearm to do so. Therefore there was sufficient evidence to support convictions for first degree murder and use of a firearm to commit a felony. We affirm Dortch's convictions and sentences.

AFFIRMED.