STATE OF NEBRASKA, APPELLEE, V. ARTHUR H. HELLBUSCH, APPELLANT.

331 N.W.2d 815

Filed April 1, 1983. No. 82-189.

Mark M. Sipple of Luckey, Sipple & Hansen, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and WARREN, D.J.

MCCOWN, J.

The defendant was found guilty by a jury of felony motor vehicle homicide. He was sentenced to 3 years' probation, conditioned that the first 90 days be served in the county jail, and fined $10,000.

On June 27, 1981, at approximately 10 a.m., the defendant was driving a pickup truck towing an irrigation trailer on a two-lane highway in Colfax County, Nebraska. The defendant attempted to pass a vehicle in front of him while going around a curve in a no-passing zone. He crossed over the solid yellow no-passing line into the left lane of traffic where he collided with an oncoming motorcycle driven by Norman Brown, who was killed in the accident.

A trooper of the State Patrol arrived at the accident scene and administered an alcohol breath test to the defendant. The equipment was calibrated so that anyone having a blood alcohol content of .13 or less would have passed the test. The defendant failed the test. Following the breath test the defendant was taken to a nearby hospital, where he submitted to a blood test. The blood test showed a body fluid alcohol content of .166. The defendant was charged with felonious motor vehicle homicide in causing the death of Norman Brown while operating a motor vehicle while under the influence of alcohol in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1978).

Trial was held beginning January 27, 1982. The jury found the defendant guilty of felony motor vehicle homicide. The defendant was sentenced to 3 years' probation, with the first 90 days to be served in the county jail, and upon release he was ordered to enter an inpatient alcohol program in Omaha, Nebraska. His driver's license was suspended for 1

year and he was ordered to pay a fine of $10,000 and the costs of the action.

The defendant first contends that the trial court erred in overruling a motion to dismiss at the close of the State's case in chief. The argument is that the state trooper's evidence was insufficient to establish that the violation of the drunk driving law was the proximate cause of the death of Brown. The defendant tacitly concedes that medical testimony offered by the State in rebuttal may have been sufficient to establish the issue. Even if there were some doubt as to whether the State presented sufficient evidence to constitute a prima facie case in its case in chief, the defendant waived any error on that score by proceeding to present evidence. The defendant cannot now be heard to complain of the trial court's failure to dismiss the case at the conclusion of the State's case in chief where the defendant proceeded thereafter to present evidence on his behalf. Where a motion for a directed verdict is made at the close of the evidence of the State in a criminal case, the introduction of evidence thereafter by the defendant waives any error in ruling or failing to rule on the motion. The defendant, however, is not prevented from questioning the sufficiency of the evidence in the entire record to sustain a conviction. *State v. Hilpert, ante* p. 564, 330 N.W.2d 729 (1983); *Henggler v. State,* 173 Neb. 171, 112 N.W.2d 762 (1962).

The defendant also contends that the evidence is insufficient to support the verdict of guilty. The jury was specifically instructed that it must find that the defendant's intoxication proximately and directly caused the death of Norman Brown. There is no serious question that the evidence in this case was more than sufficient to support the jury verdict. In determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass upon the credibility of

witnesses, determine the plausibility of explanations, or weigh the evidence, as such matters are for the jury. The verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. True,* 210 Neb. 701, 316 N.W.2d 623 (1982).

Finally, the defendant contends that his sentence is excessive. Defendant argues that because he is 65 years old, and has no prior criminal record and only minor traffic violations, no jail sentence should have been given and the maximum fine should not have been assessed.

The maximum statutory penalty for the offense involved here is 5 years' imprisonment or a $10,000 fine, or both. The only imprisonment involved here was 90 days in the county jail, imposed as a condition of probation, and there is no evidence that the imposition of the maximum fine was not fully justified.

This court has consistently held that in the absence of an abuse of discretion a sentence imposed within statutory limits will not be disturbed on appeal. *State v. Last,* 212 Neb. 596, 324 N.W.2d 402 (1982). There was no abuse of discretion in the present case.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.