STATE OF NEBRASKA, APPELLEE, V. BERNARD R. SCHAEFFER, APPELLANT.

346 N.W.2d 701

Filed April 6, 1984. No. 83-401.

Dennis R. Keefe, Lancaster County Public Defender, and Gerald L. Soucie, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Appellant, Bernard R. Schaeffer, defendant below, appeals from his convictions of assault in the first degree, Neb. Rev. Stat. § 28-308(1) (Reissue 1979), and use of a knife or other deadly weapon in the commission of a felony, Neb. Rev. Stat. § 28-1205(1) (Reissue 1979). The appellant was sentenced to consecutive terms of 6 to 20 years on each count.

The incident which gave rise to the convictions and sentencing arose out of the stabbing by appellant of a supervisor of the upholstery shop at the Nebraska Penal and Correctional Complex, where appellant was an inmate. Appellant does not dispute that the evidence is sufficient to sustain the convictions. Indeed, it is overwhelming.

He, rather, assigns as error (1) that he was denied effective assistance of counsel by the trial court's order allowing inspection of a certain state ombudsman's report by defense counsel, but prohibiting counsel from disclosing the contents to appellant, and (2) that the sentences are excessive.

Although the report, entitled "The Assault of an Inmate and the Near-Fatal Stabbing of Four Prison Guards on June 25, 1981, Could Have Been Prevented," is not contained in the bill of exceptions, its contents have been before this court in previous cases. See, *State v. Clark*, 216 Neb. 49, 342 N.W.2d 366 (1983); *State v. Zalme*, 216 Neb. 61, 342 N.W.2d 373 (1983). As found in *Clark* and *Zalme*, and conceded by the parties in their briefs, the ombuds-

man's report revealed nothing of evidentiary value as to the facts in this case. The report merely contained statements in which "named inmates told of threats on their lives and sexual pressures by other inmates planning on taking over a cell block by killing guards." *State v. Clark, supra* at 60, 342 N.W.2d at 372.

The alleged prejudice to the appellant's sixth amendment right to the effective assistance of counsel is the inability of counsel to discuss with appellant all aspects of the case and a deprivation "of counsel's guiding hand during a critical stage of the proceedings." *Jackson v. United States*, 420 A.2d 1202, 1204 (D.C. App. 1979).

The appellant's brief cites cases relating to a defendant's denial of access to counsel during a 17-hour overnight recess of trial, *Geders v. United States*, 425 U.S. 80, 96 S. Ct. 1330, 47 L. Ed. 2d 592 (1976), and during a luncheon recess, while defendant was still on the stand, *Jackson v. United States, supra*. It is difficult to equate denial of the right to speak to a client with a prohibition against disclosure of the contents of a nonrelevant document, the contents of which would neither tend to prove nor disprove any element of the crimes charged. We hold there was no showing of a denial of effective assistance of counsel.

In connection with the nondisclosure of information to a defendant, we said in *State v. Rice*, 214 Neb. 518, 527, 335 N.W.2d 269, 275 (1983): " 'This means that the omission [of undisclosed information] must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. . . .' " To hold that the compelled withholding of nonmaterial and irrelevant information from a criminal defendant is prejudicial error would simply exalt form over substance. Defense counsel performed in a professional manner throughout. The verdict resulted because the evi-

dence of his client's guilt was overwhelming. The first assignment is without merit.

The second assignment of error is also meritless. Appellant, at the time of the unprovoked, brutal, and life-threatening assault, was serving a life term for the offense of first degree murder and another 2-year term for assault with intent to do great bodily injury for the stabbing of a fellow inmate. To suggest that any lawful sentence, even the maximum, is excessive is frivolous.

There was no abuse of discretion by the trial court; consequently, the sentence will not be disturbed on appeal. *State v. Hellbusch*, 213 Neb. 894, 331 N.W.2d 815 (1983).

The judgment and sentence of the trial court are affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurring.

I concur in the result reached by the majority in this case. I do so on the basis that the evidence does not establish any showing of ineffective assistance of counsel. I do not agree, however, with the majority's suggestion that a court may ever instruct counsel to withhold documents or information from a client. If the client does not have the benefit of all of the information available to counsel, then the relationship between attorney and client cannot be fulfilled. I believe that a rule which permits a trial court to instruct a lawyer to withhold information from his client imposes upon counsel a burden which a court should not be permitted to impose upon counsel. If the client should not see the information, and that may be the case, neither should his counsel. I would not wish this case to be read as standing for the proposition that a trial court may impose such a requirement upon counsel.