**Bernard Robert SCHAEFFER, Appellant,**

v.

**Charles BLACK, Warden, Appellee.**

No. 85–1350.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1985.

Decided Oct. 1, 1985.

---

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Bernard Robert Schaeffer appeals from the district court's [1] denial of his 28 U.S.C. § 2254 habeas petition. Appellant contends that his sixth and fourteenth amendment rights were violated in a state criminal proceeding which resulted in his conviction for first degree assault and use of a knife in the commission of a felony. On appeal he argues (1) that the district court failed to liberally construe his pro se petition, and (2) that he is entitled to habeas relief based on his ineffective assistance of counsel claim. We affirm.

Schaeffer's conviction on these charges resulted from an incident in which he stabbed an upholstery shop supervisor while serving an unrelated sentence at the Nebraska Penal and Correctional Complex. A state ombudsman prepared a report on the incident, entitled "The Assault of an Inmate and the Near-Fatal Stabbing of Four Prison Guards on June 25, 1981 Could Have Been Prevented." [2] At the state court proceedings Schaeffer filed a motion to discover the report. The state trial judge determined that Schaeffer's lawyer could review the report, but only on the condition that he not show the report to appellant or disclose its contents to him.

On direct appeal from his conviction Schaeffer argued that he had been denied effective assistance of counsel by the trial court's order. *State v. Schaeffer*, 217 Neb. 4, 346 N.W.2d 701 (1984). The Nebraska Supreme Court noted that, although the report was not a part of the record, it had dealt with the report in previous cases. *Id.* at 5–6, 346 N.W.2d at 703–04 (citing *State*

W. Scott Davis, Lincoln, Neb., for appellant.

Terry R. Schaaf, Lincoln, Neb., for appellee.

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. In another case the Nebraska Supreme Court summarized the contents of the report in controversy here by stating that:

the main objective of the report was an effort to determine if the assaults could have been avoided by prison authorities. In the report, named inmates told of threats on their lives and sexual pressures by other inmates planning on taking over a cell block by killing guards. The inmates stated that the assaults could have been avoided if the authorities had heeded the inmates.

*State v. Clark*, 216 Neb. 49, 60, 342 N.W.2d 366, 372 (1983).

*v. Clark*, 216 Neb. 49, 342 N.W.2d 366 (1983); *State v. Zalme*, 216 Neb. 61, 342 N.W.2d 373 (1983)). The court stated that the report was irrelevant to Schaeffer's defense, and as a result found that there had not been a denial of effective assistance of counsel. *Id.*

Schaeffer then filed a petition for habeas relief in federal district court. His petition was referred to a magistrate [3] who recommended that relief be denied. The district court adopted the magistrate's recommendation, found that the Nebraska court's finding that the report was irrelevant was a finding of fact entitled to a presumption of correctness and that Schaeffer had failed to challenge the procedures by which the state court made this determination. The court then held that, since Schaeffer had made no showing of actual prejudice, his claim for ineffective assistance of counsel should be denied.

Appellant argues that the district court failed to liberally construe his pro se petition but rather interpreted it in a very technical manner when it concluded that Schaeffer had failed to challenge the procedures of the state court. Schaeffer contends that he did challenge those procedures.

■ We assume for the sake of argument that Schaeffer did challenge the state court procedures. Even so, he had a duty to make some showing that the report was relevant to his defense. As an example, appellant could have shown through an affidavit from his trial counsel that the material contained in the report was relevant or at least would have been helpful to the defense. No such showing has been made by Schaeffer. We conclude that the district court properly found that the state court factual findings are entitled to a presumption of correctness. *See Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); *Beans v. Black*, 757 F.2d 933, 935 (8th Cir.1985). In the circum-

stances, the question whether the district court liberally construed Schaeffer's petition becomes largely irrelevant.[4]

Next, appellant contends that the state court action so interfered with his attorney/client relationship that he was denied effective assistance of counsel.

■ Generally, when making a claim of ineffective assistance of counsel a petitioner must show that (1) the counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) his defense was prejudiced by the lawyer's action in that there is a reasonable probability that but for counsel's unprofessional acts the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *Ryder v. Morris*, 752 F.2d 327, 331 (8th Cir.1985). However, Schaeffer asserts that here ineffective assistance need not be shown by actual prejudice. *See United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 2048, 80 L.Ed.2d 657 (1984).

We are unpersuaded that this case represents such a situation. The Court in *Cronic* rejected the idea that a presumption of prejudice can be made when a lawyer is subject to "external constraints" because:

[t]he fact that the accused can attribute a deficiency in his representation to a source external to trial counsel does not make it any more or less likely that he received the type of trial envisioned by the Sixth Amendment, nor does it justify reversal of his conviction absent an actual effect on the trial process or the likelihood of such an effect.

*Id.* at 2048 n. 31.

Instead, the Court found that a presumption of ineffectiveness could only be made when the circumstances of a case justified it such as when the conduct of the trial causes a breakdown of the adversarial process. *Id.* at 2048–49. Since no showing of

**3.** United States Magistrate David Piester.

**4.** While we have received a copy of the ombudsman report, we decline to review it as it has not

been made a part of the record below or on appeal.

likelihood of actual prejudice related to failure to disclose the report has been shown, we conclude that appellant's claim of ineffective assistance of counsel fails, and that his claim was properly denied.

The judgment of the district court is affirmed.