STATE OF NEBRASKA, APPELLEE, V. WILLIAM J. MCCLELLEN,
APPELLANT.
382 N.W.2d 24

Filed February 21, 1986.   No. 85-573.

Kent E. Florom, Lincoln County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

On October 29, 1983, at an I-80 rest area in Lincoln County, Halbert Rodriguez was found dead in his car. An autopsy disclosed that Rodriguez died from gunshot wounds. Among items of physical evidence found at the homicide scene was a spent rifle cartridge identified as the casing for the bullet which killed Rodriguez, a bullet fired from a rifle found in a pickup owned by William J. McClellen. Prospective witnesses for the prosecution placed McClellen near the scene when Rodriguez was killed.

Initially, McClellen was charged with first degree murder, see Neb. Rev. Stat. § 28-303 (Reissue 1979), but, pursuant to a plea bargain, the charges were reduced to manslaughter, a Class III felony (Neb. Rev. Stat. § 28-305 (Reissue 1979)), and use of a

firearm in commission of a felony, a Class III felony (Neb. Rev. Stat. § 28-1205 (Reissue 1979)), in exchange for McClellen's plea of nolo contendere. A Class III felony is punishable by imprisonment for a term from 1 year to 20 years, a fine of $25,000, or both such imprisonment and fine. See Neb. Rev. Stat. § 28-105 (Reissue 1979). McClellen had an extensive criminal record before his conviction in the present case, including convictions for nine felonies. The court accepted McClellen's plea of nolo contendere to the charges of manslaughter and use of a firearm in the commission of a felony.

Section 28-1205(3) provides: "[Using a firearm to commit a felony] shall be treated as a separate and distinct offense from the felony being committed, and sentences imposed under the provisions of this section shall be consecutive to any other sentence imposed." After considering an extensive presentence report, the court sentenced McClellen to imprisonment for $6^2/_3$ to 20 years on the manslaughter conviction and $6^2/_3$ to 20 years for the firearm conviction, with the latter sentence to be served consecutive to the sentence for manslaughter.

McClellen contends the mandatory consecutive sentence required by § 28-1205(3) is unconstitutional as a violation of the separation of powers, legislative and judicial, required by article II, § 1, of the Nebraska Constitution, and further contends the sentences imposed are excessive.

McClellen's argument concerning constitutionality of the mandatory consecutive sentence required by § 28-1205(3) was recently reviewed and disposed in *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985). In *Stratton* we held that "§ 28-1205(3) does not offend the distribution of powers mandated by the Nebraska Constitution." *Id.* at 860, 374 N.W.2d at 35. McClellen's contention about constitutionality of § 28-1205(3) is without merit.

"In the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal." (Syllabus of the court.) *State v. Schaeffer*, 217 Neb. 4, 346 N.W.2d 701 (1984). Appellant is 53 years old. His adult criminal record includes the following: 1949—AWOL (30 days in the stockade); 1950—theft of pistol in Korea (1 year in stockade);

1951—AWOL in Texas (3 months in stockade); 1951—AWOL in Texas ("bad conduct discharge"); 1952—forgery (1 year to 18 months; NPCC); 1953—escape from custody (1 year; NPCC); 1954—violation of Federal Firearms Act (prosecution declined due to incarceration in Montana State Penitentiary); 1954—robbery (6 years; Montana State Penitentiary); 1956—escape from prison (2 years; NPCC); 1959—robbery by assault (5 to 10 years; Texas); and 1984—theft over $700 (2 years; Texas; paroled for purpose of prosecution for offenses in Nebraska—Rodriguez homicide and theft). The sentences imposed on McClellen are within the statutory limits. Given the nature of the crime committed and McClellen's background, as well as the mandatory sentence required by § 28-1205(3), the trial court did not abuse its discretion in the sentences imposed on McClellen.

AFFIRMED.