**John C. ZALME, Petitioner,**

v.

**Gary GRAMMER, Respondent.**

**No. CV 85–L–607.**

United States District Court,
D. Nebraska.

Jan. 5, 1987.

Robert C. Creager, Lincoln, Neb. (Court-appointed), for petitioner.

Robert M. Spire, Atty. Gen. and Dale D. Brodkey, Asst. Atty. Gen., Lincoln, Neb., for respondent.

MEMORANDUM

LAY, Circuit Judge, sitting by special designation.

This habeas corpus petition brought by a Nebraska state prisoner under 28 U.S.C. § 2254 arises from alleged errors relating to his conviction in the Nebraska courts. Zalme was convicted of eight counts as a result of his participation in the stabbings. of four prison guards and the assault on an inmate at the Nebraska State Penitentiary. The details of the events and petitioner's conviction were set forth in great detail by the Supreme Court of Nebraska, and need not be repeated here. *State v. Zalme*, 216 Neb. 61, 342 N.W.2d 373 (1983) (per curiam).

Zalme alleges three grounds for error in his petition for a writ of habeas corpus: 1) his sixth amendment right to effective assistance of counsel was violated; 2) his sixth amendment rights were also violated by the failure to appoint substitute counsel; and 3) the trial court abused its discretion by unreasonably denying petitioner's requests for a continuance of the trial date.[1]

For the reasons hereinafter stated, the petition of Zalme for federal habeas corpus relief must be, and hereby is, denied.

## I. Ineffective Assistance of Counsel

▮ Petitioner claims that the trial court violated his sixth amendment right to effective assistance of counsel. This claim concerns an investigative report written by the state ombudsman, entitled "The Assault of an Inmate and the Near-Fatal Stabbing of Four Prison Guards on June 25, 1981, Could Have Been Prevented." The trial court reviewed this document in camera and permitted the attorneys in the case to read it. However, the court ordered that the petitioner could not see the document, and his attorney could not discuss it with him. Petitioner fails to assert that the document would in any way affect his conviction. The Supreme Court of Nebraska reviewed this issue concerning the document and observed:

> The trial court examined the report, trial counsel (before his discharge) examined the report, present counsel has had the opportunity to examine the report, and this court has examined the report. There has been no showing to this court that there is any specific information in the report that would work to defendant's benefit—either in the determination of his guilt or innocence or in his sentence. We do not find any such evidence on our examination. The effect of the report, had it had any effect in this case (which it did not), should have been to defendant's further detriment. The trial court, in the exercise of its discretion, properly refused to permit defendant to examine the report. The probability of harm to inmates and further trouble in the prison far outweigh any possible benefit to defendant.

*State v. Clark*, 216 Neb. 49, 60–61, 342 N.W.2d 366, 372 (1983) (per curiam). Factual determinations made by a state court are presumed correct in a habeas corpus action. *Schaeffer v. Black*, 774 F.2d 865, 867 (8th Cir.1985) (per curiam). Petitioner

---

1. In his original petition for habeas corpus relief, Zalme asserted two additional bases for relief: 1) the trial court erred in refusing to dismiss Counts 1, 2, 7, and 8 for insufficient evidence; and 2) the trial court erred in allowing instructions to the jury regarding Counts 1, 2, 7, and 8. Neither of these issues was briefed by petitioner. Normally, such a failure to brief is an abandonment of those issues. *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir.1985). However, this court has thoroughly reviewed the record in this case and finds that there was indeed sufficient evidence to convict the petitioner of Counts 1, 2, 7, and 8, and that the trial court committed no error in doing so. As to the other basis, petitioner objects to the giving of instructions in Counts 1, 2, 7 and 8.

This basis appears to be merely a restatement of his allegation of the insufficiency of the evidence. However, if this were in fact an additional basis for his petition, then it too must fail, because the petitioner did not assert this basis in the appeal of his conviction to the Supreme Court of Nebraska. Thus, he has failed to exhaust his available state remedies, making this an improper basis for a federal habeas corpus petition. Such a reading would mean that the petition would necessarily have to be dismissed as a "mixed petition." *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The court does not force such a harsh interpretation on these words in the petition written by the prisoner himself.

asserts no basis to overcome this presumption, and none is found by this court.

The Eighth Circuit Court of Appeals affirmed a denial of a writ of habeas corpus involving this same issue and this same document. *Schaeffer v. Black*, 774 F.2d 865 (8th Cir.1985) (per curiam). The petitioner attempts to distinguish *Schaeffer* on the fact that Zalme dismissed his counsel and proceeded pro se, whereas Schaeffer proceeded with counsel. No such fine distinction can be read into *Schaeffer*. This court is bound by the holding in *Schaeffer*, thus this basis for habeas corpus relief must fail.

## II. Appointment of Substitute Counsel

■ The next basis asserted for relief is that the trial court violated Zalme's sixth amendment rights by failing to appoint substitute counsel. On July 8, 1982, the trial court held a hearing on petitioner's motion to relieve counsel. The basis for Zalme's request appeared to relate primarily to differing defense strategies between Zalme and his court-appointed counsel. In support of his motion for relief of counsel, Zalme stated:

> I just think that there's a divided interest between Foster and myself on how my defense should be taken. We haven't really discussed nothing on my case. I haven't had no interviews with him in the penitentiary except since we filed this relief for counsel. He's insinuated that I should take a plea bargain, which I'm totally against. He don't seem to want to pursue any depositions on the State witnesses we have, and he's handling the case contrary to the way I think it ought to be run. * * *
> I don't think I'm getting fair counsel. He's got one way, and I think I've got—I know what I think the defense should be on it.

I Bill of Exceptions 55–56. The trial court found that there was not a sufficient showing of good cause to appoint new counsel. The court then told Zalme that he could accept the court-appointed attorney or he could represent himself. When he chose to represent himself, the court questioned him

to be certain that this was a knowing and intelligent waiver of his right to counsel. The court ordered that Zalme's court-appointed attorney be available to advise him, and that he be present at every hearing and during the trial, to help Zalme if he requested it, but not to interfere otherwise. The court also stated that the attorney had practiced before it on several occasions and was quite competent. These efforts by the trial court were certainly sufficient to ensure that Zalme's sixth amendment rights were protected. *See Krist v. Foltz*, 804 F.2d 944, 949–50 (6th Cir.1986). The court of appeals has set forth the mode of inquiry to review a denial of substitution of counsel:

> In order to warrant substitution of counsel, the defendant must show justifiable dissatisfaction with his appointed counsel. The right to effective assistance of counsel may not be improperly manipulated by an eleventh hour request to obstruct the orderly administration of justice.

> \*   \*   \*   \*   \*   \*

> \* \* \* [T]he district court afforded [the defendant] every opportunity to demonstrate a basis for the alleged irreconcilable conflict between himself and his attorney. The defendant set forth nothing showing an irreconcilable conflict, aside from counsel's refusal to advance the defendant's obtuse legal theories \* \* \*.

*United States v. Hart*, 557 F.2d 162, 163 (8th Cir.) (per curiam), *cert. denied*, 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977) (citations and footnote omitted).

The United States Supreme Court has held that there are circumstances amounting to the complete denial of counsel, and such a denial will remove the defendant's burden of proving prejudice. *United States v. Cronic*, 466 U.S. 648, 658–59, 104 S.Ct. 2039, 2049, 80 L.Ed.2d 657 (1984). An example of such a denial was the denial of access to counsel during a seventeen-hour recess. *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). However, none of the facts presented here rise to the level of a denial of counsel. The

trial court did not err in denying Zalme's request for substitute counsel.

## III. Denial of a Continuance

■ Finally, petitioner alleges that the trial court erred in denying his motion for a continuance. At the hearing on July 8, 1982, when Zalme elected to proceed without counsel, he made a motion for a continuance. This motion was granted, giving the petitioner two months to prepare for trial. At a hearing on September 8, 1982, five days before trial was scheduled to commence, Zalme again requested that new counsel be appointed. However, no basis for such appointment was cited beyond that cited at the July hearing. When this motion was denied, Zalme requested a continuance. His stated reason was the limited access to legal materials in the adjustment center of the penitentiary. Zalme admitted that he was aware of the limitations on access at the July hearing. The trial court held that there were not sufficient grounds to grant another continuance. The court then restated the availability of the court-appointed counsel, and implied that a continuance probably would be available if Zalme accepted that counsel as his attorney, and not just as an advisor. As the Supreme Court of Nebraska stated: "The case presents, as so many such cases do, facts which the ablest counsel in the world cannot change, and those facts render defendant guilty. The trial court did not abuse its discretion in denying any further continuance of the trial." *Clark, supra,* 216 Neb. at 59, 342 N.W.2d at 372. The petitioner has failed to demonstrate any constitutional error on the part of the trial court, by its denial of another continuance.

The petition for a writ of habeas corpus is hereby denied.