**Anthony HARRIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 88–1517.**

District of Columbia Court of Appeals.

Argued Jan. 16, 1991.
Decided July 19, 1991.

---

David C. Gray, Washington, D.C., appointed by the court, for appellant.

Thomas G. Connolly, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Elizabeth Trosman, and Daniel S. Friedman, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before FERREN and TERRY, Associate Judges, and BELSON, Associate Judge, Retired.*

BELSON, Associate Judge, Retired:

Appellant Anthony Harris was convicted of three counts of armed robbery, D.C.Code §§ 22–2901, –3202 (1989), and two counts of assault with intent to commit robbery while armed, D.C.Code §§ 22–501, –3202 (1989). Harris contends on appeal that the trial court violated his Sixth Amendment right to effective assistance of counsel when it temporarily barred defense counsel from disclosing to him the contents of a tape of a witness's confession, supplied as Jencks material,[1] that, among other things, implicated Harris in the offenses being tried. Because the temporary ban on

communication between Harris and his counsel was narrowly limited to disclosure of material on the tape and was in effect only during the time that counsel was screening the tape so that he could inform the trial judge how much of it "he fe[lt] he need[ed] to let his client know," we hold that the trial court did not deny Harris effective assistance of counsel.

On the third day of Harris's trial, the government provided defense counsel with Jencks material consisting of a tape of a witness's one-and-a-half hour confession that referred only briefly to the incidents involved at trial. The government supplied the material well before it was required to, as the witness to whom it related did not testify until two days later.[2] The government informed the trial court that a large portion of the tape went into great detail of other robberies that Harris and the witness had committed together. Because of the government's concern for the witness's safety, it requested the trial court to issue a protective order forbidding defense counsel from providing the tape or a transcript of its contents to Harris or from playing it for him. Defense counsel opposed the issuance of a protective order, arguing that it was unnecessary because Harris already knew the extent of cooperation between the witness and the government.

The trial court decided to postpone ruling on the request for a protective order until defense counsel had a chance to review the tape to determine whether he needed to inform his client about any of the other matters not related to this case in order to represent him adequately. By proceeding in this manner, the trial court barred defense counsel from giving his client the tape or a transcript of its contents, or playing it for him, but it was unclear whether counsel could discuss its contents with him.

---

* Judge Belson was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on June 1, 1991.

1. Superior Court Criminal Rule 26.2(a) provides that "[a]fter a witness ... has testified on direct examination, the Court, on motion, ... shall order the prosecutor ... to produce, for the

examination and use of the [defendant], any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified."

2. The prosecutor is not required to disclose Jencks material until after the witness has testified on direct examination. Super.Ct.Crim.R. 26.2(a).

While defense counsel from the outset opposed any limitation upon his ability to have "full communication" with his client about the background of the witness and proposed to give a transcript of the tape to his client, defense counsel did not object to this manner of proceeding.

The next day defense counsel expressed concern about not being able to discuss with Harris the witness's confession to determine what avenues of cross-examination to pursue. At that point, the government clarified its position, stating that it never intended to prevent defense counsel from informing Harris of the contents of the tape, but wanted only to prevent Harris from getting a physical copy of the tape or its contents. Defense counsel said that the defense might not object to that approach and that he would discuss it with his client. He did not raise the matter again, thus signifying that the approach was satisfactory. The witness testified the following day, two days after the government had provided the Jencks material.

Harris asserts on appeal that his right to effective assistance of counsel was violated by the trial court's ruling temporarily prohibiting full discussion of the tape between him and defense counsel. There is no question that a defendant has a right "to unrestricted access to his lawyer for advice on a variety of trial-related matters" during the course of trial. *Perry v. Leeke*, 488 U.S. 272, 284, 109 S.Ct. 594, 602, 102 L.Ed.2d 624 (1989); *see also Jackson v. United States*, 420 A.2d 1202, 1205 (D.C.1979) (en banc). The Supreme Court has held that an order barring all communication between the defendant and his counsel during an overnight recess after the conclusion of his direct testimony is a violation of the defendant's sixth amendment right to counsel. *Geders v. United States*, 425 U.S. 80, 91, 96 S.Ct. 1330, 1336, 47 L.Ed.2d 592 (1976) (defendant's right to counsel outweighs risk of improper coaching). Similarly, this court has held that even a limited order preventing only the communication of the defendant's testimony during a

luncheon recess violated the defendant's right to counsel. *Jackson, supra,* 420 A.2d at 1205. Subsequent to the holdings in *Geders, supra,* and *Jackson, supra,* however, the Supreme Court held that an order barring all communication between the defendant and his counsel during a fifteen minute recess following the conclusion of his direct-examination did not violate defendant's right to counsel. *Perry, supra,* 488 U.S. at 281, 109 S.Ct. at 600 (defendant has no constitutional right to consult with counsel while he is testifying).[3]

■ It is significant that in this case the trial court did not bar Harris from consulting with his attorney about his case. Rather, the trial court barred defense counsel only from giving his client a tape or a transcript thereof or playing for his client a tape containing scattered bits of Jencks material:

> THE COURT: So it seems to me that in reference to [defense counsel's] ability to adequately represent his client regarding the charges that he's appointed to represent the defendant, that he has an obligation to let his client know about anything that's contained in the tape regarding these matters.
>
> In reference to other matters, I'll have to wait until [defense counsel] has an opportunity to review the tape. If he feels that those other matters are matters that he needs to relate to his client in order to adequately represent him in these matters before this Court which he represents the defendant, then we'll address them at that time before I issue a protective order.
>
> [DEFENSE COUNSEL]: Very well.
>
> THE COURT: So we'll discuss it tomorrow after you have a chance to listen to it this evening.
>
> [PROSECUTOR]: In the meantime, I'm asking that he not play the tape for his client.
>
> THE COURT: Well, I think that's implicit in my ruling. But I said after he

3. We do not decide whether the Supreme Court's decision in *Perry, supra,* overrules or

limits our decision in *Jackson, supra.*

had a chance to look at it—listen to it then he would relate to me what he feels he needs to let his client know, and then we'll discuss it at that time.

A restriction on defense counsel that prevents him from revealing what is possibly Jencks material does not materially interfere with counsel's duty to advise a defendant on trial-related matters. *Cf. State v. Schaeffer*, 217 Neb. 4, 6, 346 N.W.2d 701, 703 (1984) ("It is difficult to equate denial of the right to speak to a client with a prohibition against disclosure of the contents of a nonrelevant document....").

 Furthermore, the trial court imposed the temporary restriction on defense counsel to allow him the opportunity to review the tape before the trial court ruled on the government's request for a protective order.[4] The trial court's procedure enabled counsel to argue the next day against the issuance of a protective order.[5] *See United States v. Eniola*, 282 U.S.App. D.C. 176, 181, 893 F.2d 383, 388 (1990) ("The essence of the sixth amendment threshold is whether defense counsel has demonstrated that the [argued] defense has legitimate potential such that [defense counsel] is entitled freely to discuss the strategies with his client for attempting to prove the defense."). Moreover, it was not unreasonable for the trial court to place a temporary and limited restriction on defense counsel's use of what was possibly Jencks material during the period of time it took the court to complete the screening of that material. *See Jackson, supra*, 420 A.2d at 1205 (recognizing that there may be a "compelling reason for temporarily sealing off communication" between a defendant and his counsel).

Finally, it is fair to assume that the trial court had defense counsel review the tape during the overnight recess instead of halting the trial and having counsel screen it immediately because of the court's interest in completing the trial expeditiously. There seemed to be no urgency attending resolution of the Jencks-related issue because the witness whose Jencks statement was involved was not scheduled to testify until the next day. This use of the overnight recess appears to have represented a sound exercise of the court's discretion in the management of the trial. Moreover, Harris's assertion of error is further undercut by the fact that the government's proffer of the tape as Jencks material was made a substantial time before it was required, i.e., after the witness had testified on direct examination.[6] Thus Harris, in any event, was not *entitled* under the Jencks rule to disclosure of the tape until well after he had its full use. Accordingly, we find no violation of Harris's right to effective assistance of counsel.

*Affirmed.*

---

4. Although the trial court's assignment to defense counsel of a role in the determination of the extent of Jencks material caused no problem in this case where all material provided was disclosed to the defendant in time to permit full discussion, we caution that the use of defense counsel for the purpose of screening Jencks material may result in a conflict between defense counsel's duty to inform the defendant about any matter that might conceivably assist in his defense and defense counsel's obligation to the court not to reveal information he has learned as an officer of the court which does not qualify as Jencks material.

5. Defense counsel argued that discussing the non-Jencks material with Harris would assist him in preparing for cross-examination of the witness to the extent of establishing the witness's bias or motive to curry favor with the government.

6. Super.Ct.Crim.R. 26.2(a).